IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RON WESLEY HAYES                                                                          PLAINTIFF

v.                                            Civil No. 4:19-cv-04054

CORPORAL HENDERSON, Miller County
Detention Center ("MCDC"); NURSE KING,
MCDC; CAPTAIN ADAMS, MCDC;
SERGEANT GRIFFESON, MCDC; SERGEANT
STUDDARD, MCDC; JOHN DOE OFFICERS,
Texarkana Police Department ("TAPD"); CHIEF OF
POLICE ROBERT H. HARRISON; OFFICER
DILLON MCCRAY, TAPD; OFFICER CLAUDIA
PHELPS, TAPD; and PAYTON HARRIS, TAPD                                                  DEFENDANTS

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss (ECF No. 34) filed by Defendant Robert H. Harrison. Plaintiff filed a Response (ECF No. 38) and Defendant Harrison filed a Reply. (ECF No. 39). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

### I. BACKGROUND

Plaintiff Ron Wesley Hayes filed this case *pro se* pursuant to 42 U.S.C. § 1983 on May 23, 2019. (ECF No. 1). In response to this Court's order, Plaintiff filed an Amended Complaint on June 12, 2019. (ECF No. 6). His application to proceed *in forma pauperis* ("IFP") was granted that same day. (ECF No. 7). Plaintiff is asserting claims against Defendants Henderson, Studdard, Adams, Griffeson and John Doe Officers from the Texarkana Arkansas Police Department

("TAPD") for excessive force that occurred on April 19, 2019.[1]  Plaintiff is also asserting a claim against Defendant King for denial of medical care.

On August 6, 2019, Plaintiff filed a Motion to Supplement his Amended Complaint claiming in part the Chief of the TAPD, Robert H. Harrison, denied him medical care when he refused "to pay my Dr. bill to have sirger on my face…" (ECF No. 27, p. 1).  On August 19, 2019, the Court granted Plaintiff's Motion to Supplement in part finding Plaintiff had stated a plausible claim against Defendant Harrison for alleged denial of medical care.  (ECF No. 29).  On September 18, 2019, Defendant Harrison filed the instant Motion to Dismiss arguing Plaintiff failed to state a claim against him upon which relief can be granted.  (ECF No. 34).  He argues Plaintiff has failed to state a claim because "Plaintiff was never in the custody of Chief Harrison but was instead in all relevant times was a Miller County Arkansas Detainee" and Plaintiff has not described how Defendant Harrison was involved in denying Plaintiff medical care.[2]  *Id.*

## II. APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft,* 556 U.S.

---

[1] On November 4, 2019, Defendant Harrison provided the Court with the names of the John Doe Defendants involved in Plaintiff's arrest and the alleged use of excessive force.  Those individuals are Officers Dillon McCray, Claudia Phelps, and Payton Harris.  (ECF No. 42).  To date, these Defendants have not filed an answer.
[2] Defendant Harrison did not submit any affidavits in support of the Motion to Dismiss.

at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

### III. DISCUSSION

Plaintiff alleges Defendant Harrison, the Chief of Police for the TAPD, denied him medical care when he refused to pay for surgery on his face after three TAPD police officers used excessive force against him. Inadequate prison health care rises to a violation of the Eighth Amendment only if officials have been deliberately indifferent to a serious medical need. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). "[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain…proscribed by the Eighth Amendment," and this includes "indifference…manifested by prison doctors in their response to the prisoner's needs or by prison guards or police officers in intentionally denying or delaying access to medical care. *Id.*

Defendant Harrison argues Plaintiff fails to state a claim against him "given that the Plaintiff was never in the custody of Chief Harrison but was instead in all relevant times was a Miller County Arkansas detainee." (ECF No. 34). However, because the Court is addressing a motion to dismiss, not a motion for summary judgment, the Court must assume all facts alleged in the Complaint are true. *Eckert v. Titan Tire Corp.,* 514 F.3d 801, 806 (8th Cir. 2008). Plaintiff's Complaint need only "'give the defendant fair notice of what the … claim is and the grounds upon which its rests.'" *Erickson v. Pardus,* 551 U.S. 89 (2007) (internal citations and quotations omitted). In order to survive a motion to dismiss, a prisoner need not plead more than the warden [or police chief] was directly involved in the decision to deny medical care. *Martin v. Sargent,* 780 F.2d 1334 (1985) citing *Messimer v. Lockhart,* 702 F.2d 729, 732 (8th Cir. 1983). Plaintiff's allegations against Defendant Harrison satisfy these standards.

Here, Plaintiff alleges it was Defendant Harrison who refused to pay for surgery on his face after he was injured by three police officers who allegedly used excessive force against him. Whether Plaintiff's Complaint is sufficient in all respects is a matter yet to be determined. The case cannot, however, be dismissed on the ground that Plaintiff's allegations are too conclusory. Accordingly, at this stage of the litigation, the Court finds Plaintiff's allegations are enough to withstand Defendant Harrison's Motion to Dismiss.

## IV. CONCLUSION

For the foregoing reasons, I recommend Defendant Harrison's Motion to Dismiss (ECF No. 34) be **DENIED** and Plaintiff's claims against Defendant Harrison proceed.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 19th day of November 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE