IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RON WESLEY HAYES                                                                                                PLAINTIFF

v.                                                         Civil No. 4:19-cv-04054

CORPORAL HENDERSON, Miller County
Detention Center ("MCDC"); NURSE KING,
MCDC; CAPTAIN ADAMS, MCDC;
SERGEANT GRIFFESON, MCDC; SERGEANT
STUDDARD, MCDC; JOHN DOE OFFICERS,
Texarkana Police Department ("TAPD"); CHIEF OF
POLICE ROBERT H. HARRISON; OFFICER
DILLON MCCRAY, TAPD; OFFICER CLAUDIA
PHELPS, TAPD; and PAYTON HARRIS, TAPD                                                         DEFENDANTS

**ORDER**

Before the Court is Defendant's Joint Motion to Dismiss based on Plaintiff's failure to keep the Court informed of his address. (ECF No 53). Plaintiff Ron Wesley Hayes filed this case *pro se* pursuant to 42 U.S.C. § 1983 on May 23, 2019. (ECF No. 1). In response to this Court's order, Plaintiff filed an Amended Complaint on June 12, 2019. (ECF No. 6). His application to proceed *in forma pauperis* ("IFP") was granted that same day. (ECF No. 7).

On April 6, 2020, Defendants filed the instant motion stating they attempted to depose Plaintiff in January at the Miller County Detention Center ("MCDC") but were informed by the facility that Plaintiff had been released on January 15, 2020. (ECF No. 53). Plaintiff did not inform the Court or Defendants of his new address. On March 20, 2020, Defendants sent discovery to Plaintiff at his address of record—the MCDC—and were once again informed that Plaintiff had been released from the facility in January of 2020.

On April 6, 2020, the Court entered an order directing Plaintiff to respond to the motion to dismiss by April 27, 2020. (ECF No. 54). The order informed Plaintiff that failure to timely and properly comply with the order would result in dismissal of this lawsuit, without prejudice. Plaintiff did not respond and the order directing him to do so was not returned as undeliverable. On April 27,

2020, the Court entered an order directing Plaintiff to show cause as to why he failed to respond to Defendants' motion. On May 1, 2020, the order was returned to the Court as undeliverable with no forwarding address. (ECF No. 56).

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to keep the Court informed of his address and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Amended Complaint (ECF No. 6) is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 13th day of May, 2020.

                                              /s/ Susan O. Hickey
                                              Susan O. Hickey
                                              Chief United States District Judge