IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RON WESLEY HAYES                                                              PLAINTIFF

v.                                    Civil No. 4:19-cv-04054

CORPORAL HENDERSON, Miller County
Detention Center ("MCDC"); NURSE KING,
MCDC; CAPTAIN ADAMS, MCDC;
SERGEANT GRIFFESON, MCDC; SERGEANT
STUDDARD, MCDC; JOHN DOE OFFICERS,
Texarkana Police Department ("TAPD"); CHIEF OF
POLICE ROBERT H. HARRISON; OFFICER
DILLON MCCRAY, TAPD; OFFICER CLAUDIA
PHELPS, TAPD; and PAYTON HARRIS, TAPD                    DEFENDANTS

## REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's Motion to Reopen this case. (ECF No. 59). Defendants have not responded, and the Court finds no response is necessary to rule on the instant motion.

Plaintiff Ron Wesley Hayes filed this case *pro se* pursuant to 42 U.S.C. § 1983 on May 23, 2019 alleging officers with the Texarkana Arkansas Police Department used excessive force against him. (ECF No. 1). In response to this Court's order, Plaintiff filed an Amended Complaint on June 12, 2019. (ECF No. 6). His application to proceed *in forma pauperis* ("IFP") was granted that same day. (ECF No. 7).

On April 6, 2020, Defendants filed a Joint Motion to Dismiss stating they attempted to take the deposition of Plaintiff in January at the Miller County Detention Center ("MCDC") but

1

was informed by the facility that Plaintiff had been released on January 15, 2020.  (ECF No. 53).
Plaintiff did not inform the Court or Defendants of his new address.  On March 20, 2020,
Defendants sent discovery to Plaintiff at his address of record – the MCDC – and was once again
informed Plaintiff had been released from the facility in January of 2020.

On April 6, 2020, the Court entered an order directing Plaintiff to respond to the motion to
dismiss by April 27, 2020.  (ECF No. 54).  The order informed Plaintiff that failure to timely and
properly comply with the order would result in dismissal of this lawsuit, without prejudice.
Plaintiff did not respond and the order directing him to do so was not returned as undeliverable.
On April 27, 2020, the Court entered an order directing Plaintiff to show cause as to why he failed
to respond to Defendants' Motion to Dismiss.  On May 1, 2020, the order was returned to the Court
as undeliverable with no forwarding address.  (ECF No. 56).  On May 13, the Court dismissed
Plaintiff's Amended Complaint (ECF No. 6) without prejudice pursuant to Federal Rule of Civil
Procedure 41(b) and Local Rule 5.5.(c)(2).  (ECF No. 57).

On January 25, 2021, Plaintiff filed the instant Motion to Reopen this case.  (ECF No. 59).
In the motion Plaintiff restates his allegations of excessive force and also states in part, "…before
I was released from Miller County Ark, I give my location my home address in a letter telling the
said courts that I was taking probation because they would'not give me a afordebl bono…so I
pray…the said courts to grant me the appeale in the challenging of these said charges…"  *Id.*  The
Court construes Plaintiff's motion as one to reopen his case.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused
from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir.
1984).  Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk
> and the other parties to the proceedings of any change in his or her address, to

monitor the progress of the case, and to prosecute or defend the action diligently
. . . If any communication from the Court to a *pro se* plaintiff is not responded to
within thirty (30) days, the case may be dismissed without prejudice.  Any party
proceeding *pro se* shall be expected to be familiar with and follow the Federal
Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order".  *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Although Plaintiff claims he sent his "home address" to the Court before being released from MCDC, the Court has no record of receiving any change of address from Plaintiff.  This case was dismissed in May of 2020 without prejudice.  The Court did not receive any communication from Plaintiff until eight months later.  Moreover, there is no evidence Plaintiff attempted to inform Defendants of his new address.  Plaintiff failed to prosecute this case and has not given any grounds to reopen this case.

Accordingly, I recommended Plaintiff's Motion to Reopen (ECF No. 59) be **DENIED.** Plaintiff is free to file another lawsuit asserting his claims as the case was previously dismissed without prejudice.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are**

**reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**

    **IT IS SO ORDERED,** this 3rd day of March 2021.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE